## GENOLA TOWN et al. v. SANTAQUIN CITY et al.

No. 6258.  Decided February 19, 1941.  (110 P. 2d 372.)

*George S. Ballif* and *George W. Worthen*, both of Provo, for appellants.

*Elias Hansen*, of Salt Lake City, and *R. W. McMullin*, of Payson, for respondents.

LARSON, Justice.

This is an appeal from a judgment of the District Court of Utah County adjudging the individual defendants guilty of contempt for violating a judgment and decree of the court, entered September 13, 1937, in an action entitled *Genola Town* v. *Santaquin City* et al., which judgment and decree were by this court affirmed July 6, 1938, 96 Utah 88, 80 P. 2d 930, 935. That was an action to compel Santaquin City to specifically perform a contract to deliver a certain amount of water from its water system to that of Genola Town. Santaquin City defended in that action upon the ground, inter alia, that the contract was null and void as a violation of the provisions of Article 11, Section 6, of the Constitution of Utah. The lower court decreed specific performance and this court affirmed the decree. During the month of August, 1939, the individual defendants as the Mayor and City Council of Santaquin City knowingly and deliberately failed and refused to deliver to plaintiff the quantity of water provided in the decree. For their failure to do so they were adjudged in contempt of court and appeal. While a number of errors are assigned, they present but a single question. At the outset of their brief, defendants (appellants) state the matter in this language:

"We approach the problem of this case fully aware of the fact that this Court has affirmed a judgment decreeing specific performance of the original contract between Santaquin and Genola. At the outset we disclaim any attempt by this appeal to litigate that matter a second time. Our purpose here is to procure from this Court an adjudication of the meaning of the original decree in the light of the constitutional provision of this state touching the matter of the culinary water supply of a municipality."

For a statement of the issues, facts, and circumstances in-volved in the original trial, we refer the reader to the opinion of this court, cited supra. In August 1939 the supply of water in the Santaquin system was insufficient to supply Genola the decreed amount and still supply the demands of the citizens of Santaquin on its water supply. The real issue is whether the original judgment imposes on Santaquin City the obligation of delivering to Genola from any water in its system the decreed quantity of water, or whether such deliv-ery need be made only when Santaquin has water in excess of its needs. Two contentions are made: First: That the original decree, as affirmed by this court, only requires Santaquin to make delivery from its excess water. Second: If the decree provides otherwise, it is void as a violation of Section 6 of Article 11 of the state constitution.

As to the first contention the opinion on the first appeal speaks for itself. In that opinion we said: ■

"We construe the agreement to require the City to deliver to the Town at all events water in the amount specified. Whether the 60 shares to be given to the City do or do not entitle it to a continuous flow, whether with or without a lawsuit, the obligation of the City remains fixed and certain, i. e., to deliver to the Town a specified amount of water. * * *

"But may it obligate itself to deliver a definite amount in perpet-uity? We think this agreement is in effect a parting with its water right pro tanto. We see no real difference in parting with a water right which yields 100 gallons per minute by transfer and obligating one's self to deliver from a water right 100 gallons per minute in perpetuity."

We also pointed out that at times Santaquin receives from the exchange more water than it delivers, and at other times it may receive less than it is required to deliver to Genola. We do not find any ambiguity or uncertainty as to the meaning of the original decree, nor in the opinion of ■ this court as to what that decree meant. By the con-tract, specific performance of which was decreed, Santaquin obligated itself to deliver to Genola from any waters in its

system certain definite and specified quantities. That contract we held to be definite and binding, and decreed specific performance thereof. The courts cannot rewrite a contract for the parties or enforce upon them one if its own making.

As to the second contention, we held in the opinion on the former hearing that the contract there involved, and thereby enforced, was not in violation of Section 6 of Article 11 of the Constitution of Utah. Nothing in this record ■ or in the briefs leads us to doubt the correctness of that holding.

The judgment is affirmed. Costs to respondent.

WOLFE, McDONOUGH, and PRATT, JJ., concur.

MOFFAT, Chief Justice.

I am of the opinion this appeal entitles the appellant to some further statement by the court as to the extent and limitation of the opinion in the case of *Genola Town* v. *Santaquin City,* 96 Utah 88, 80 P. 2d 930. As stated by counsel for appellant: "Our purpose here is to procure from this court an adjudication of the meaning of the original decree in the light of the constitutional provision of this state touching the matter of culinary water supply of a municipality." Counsel disclaims any attempt by this appeal to relitigate matters litigated in the former case.

As the matter is now presented, the situation becomes one of applying the law and statements in the opinion to a set of facts that it seems to me now may not have occurred to us when the opinion was handed down.

In so far as the exchange part of the agreement is concerned, I agree that under the constitutional powers municipalities are granted municipalities are not prohibited from exchanging water rights or sources of water supply of equal value, and to be devoted in like manner to the public supply of the inhabitants. *State ex rel. Ellerbeck* v. *Salt Lake City et al.,* 29 Utah 361, 81 P. 273.

■

That the Constitution, without qualification, mandatorily imposes a prohibition upon the sale or leasing of water-works, water rights, or sources of water supply is not open to question. Constitution of the State of Utah, Article XI, Sec. 6. It would be difficult to frame such a prohibition in clearer language:

"No municipal corporation, shall directly or indirectly, lease, sell, alien or dispose of any waterworks, water rights, or sources of water supply now, or hereafter to be owned or controlled by it; * * *."

As if not satisfied with imposing the prohibition, the framers of that document then made it a mandatory duty that "all such water-works, water rights and sources of water supply now owned or hereafter to be acquired by any municipal corporation, shall be preserved, maintained and operated by it for supplying its inhabitants with water at reasonable charges." Then follows the clause providing for exchanging water rights of equal value "to be devoted in like manner to the public supply of its inhabitants."

What I fear is that what was said in the case of *Genola Town* v. *Santaquin City,* supra, and is restated in the prevailing opinion on the present appeal in the same entitled case, as contended for by appellant's counsel, may be subject to an interpretation broader than was intended.

The language used it:

"We construe the agreement to require the City to deliver to the Town at all events water in the amount specified. Whether the 60 shares to be given to the City do or do not entitle it to a continuous flow, whether with or without a lawsuit, the obligation of the City remains fixed and certain, i. e., to deliver to the Town a specified amount of water. * * *

"But may it obligate itself to deliver a definite amount in perpetuity? We think this agreement is in effect a parting with its water right pro tanto. We see no real difference in parting with a water right which yields 100 gallons per minute by transfer and obligating one's self to deliver from a water right 100 gallons per minute in perpetuity."

Such language might or might not run counter to the prohibition to lease or sell as contained in the Constitution. When it comes to such a situation as this appeal presents in a season when the fluctuating supply of the water right owned by Santaquin City falls below the quantity actually owned and needed by the city for supplying its inhabitants at the time of making the contract with Genola Town, and no water is available to supply the needs as thus measured by the Santaquin system, it would then amount to a violation of the constitutional provision if Santaquin is required "at all events to furnish the amount specified."

The construction of the contract should protect Santaquin City against contingencies when to meet the requirement of a specified quantity because of conditions over which the city has no control, the city should not be required to do that which amounts to a violation of the Constitution relating to prohibited lease or sale.

To hold officers of a municipal corporation guilty of a contempt upon the interpretation of a contract relating to an exchange of water rights, when nature has imposed a condition such as the record reveals, imposes an obligation not permitted by the Constitution, and the opinion of this court should not be so construed.